UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SELCUK KARAMANOGLU,<br><br>**Plaintiff**<br><br>v.<br><br>TOWN OF YARMOUTH,<br>MICHAEL MORRILL and<br>BRIAN ANDREASEN,<br><br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 2:19cv-00031-GZS<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' ANSWER TO COMPLAINT
AND DEMAND FOR JURY TRIAL**

NOW COME DEFENDANTS Town of Yarmouth, Michael Morrill and Brian Andreasen, by and through undersigned counsel, and answer Plaintiff's Complaint as follows:

**PARTIES**

1.  Defendants admit the allegations contained in paragraph 1 of the Complaint.

2.  Defendants admit the allegations contained in paragraph 2 of the Complaint.

3.  Defendants admit that Michael Morrill is the chief of the Yarmouth Police Department. The remaining allegations contained in paragraph 3 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

4.  The allegations contained in paragraph 4 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

5.  Defendants admit the allegations contained in paragraph 5 of the Complaint.

## JURY TRIAL DEMAND

6. No response is required as no factual allegations are contained in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. The allegations contained in paragraph 7 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the same.

8. The allegations contained in paragraph 8 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the same.

## FACTS

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore deny the same.

10. Defendants admit that RH believed Karamanoglu was wearing a new shirt and that she accused him of seeing another woman and lying to her about it but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and therefore deny the same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore deny the same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore deny the same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore deny the same.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore deny the same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore deny the same.

17. Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. Defendants admit that RH told Andreasen that she had entered Karamanoglu's home, searched his phone, had physical contact with him, and refused to leave when he told her to do so. Defendants also admit that RH told Andreasen that she smashed a garage door opener on the floor. Defendants admit that RH told Andreasen that she owned a house in Auburn, but that every weekend she lived with Plaintiff in Yarmouth. According to DMV records checked by Andreasen on his arrival at the police station to meet with RH, RH's place of residence was listed as Plaintiff's Yarmouth address for both her driver's license and car registration.

19. Defendants admit that this was one of the statements given to police by RH.

20. Defendants admit the allegations contained in paragraph 20 of the Complaint.

21. Defendants admit that this was part of the information Karamanoglu provided to police.

22. Defendants deny that Karamanoglu showed any defensive-wounds to the officers as evidence of what happened, or that Andreasen responded by saying "ok, I saw them." Defendants admit that Andreasen did not document any defensive wounds suffered by

3

Karamanoglu in his report because he was not shown any defensive wounds by Karamanoglu and never saw any such wounds.

23. Defendants admit that Andreasen placed Karamanoglu under arrest for domestic violence assault. Defendants admit that Karamanoglu was released on bail with conditions that he not have contact with RH or enter on the premises of the home she owned in Auburn. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 23 of the Complaint and therefore deny the same. Defendants also admit that the court opened a new file in its criminal case management system, *State of Maine v. Selcuk Karamanoglu*, Docket No. CUMCD-CR-18-03197.

24. Defendants admit the allegations contained in paragraph 24 of the Complaint.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore deny the same.

26. Defendants admit that on June 16, 2018 at 9:30 p.m., Andreasen called RH to see how she was doing. Defendants admit that the second sentence was a part of what she told him. Defendants admit the third sentence in paragraph 26 of the Complaint.

27. Defendants admit that Yarmouth Police Department did not pursue criminal charges against RH but deny the remaining allegations contained in paragraph 27 of the Complaint.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore deny the same.

29. Defendants admit that RH filed a protection from abuse complaint against Karamanoglu, but deny the remaining allegations contained in the first sentence of this

paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint and therefore deny the same.

30. Defendants admit that Karamanoglu's ex-wife filed a protection from abuse complaint, but deny the remaining allegations contained in the first sentence of this paragraph. Defendants admit the allegations contained in the second sentence of this paragraph. Defendants admit that the Complaint asserted that Karamanoglu is dangerous, but deny the remaining allegations contained in the third sentence of this paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint and therefore deny the same.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants admit the allegations contained in paragraph 32 of the Complaint.

## COUNT 1
### (42 U.S.C. § 1983 – Civil Rights Violation)
### (Officer Andreasen)

33. Defendants repeat and reallege their responses contained in paragraphs 1-32 herein.

34. Defendants admit that Karamanoglu has a constitutional right to be free of arrest without probable cause under state and federal law. The remaining allegations contained in paragraph 34 of the Complaint call for legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the same.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

## COUNT 2
### (42 U.S.C. § 1983 – Civil Rights Violation)
### (Municipal Defendants)

37. Defendants repeat and reallege their responses contained in paragraphs 1-36 herein.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants admit that Defendant Morrill is the chief policymaker for the Yarmouth Police Department but deny the remaining allegations contained in paragraph 39 of the Complaint.

40. Defendants deny that after Karamanoglu's arrest, Andreasen communicated with Karamanoglu regarding the logistics of returning RH's property left at the Yarmouth residence. Defendants admit that Andreasen was not disciplined, and has not been found to have violated any Yarmouth Police Department policies or procedures but deny that he worked further on the case, in the manner alleged.

41. Defendants deny the first sentence in paragraph 41 of the Complaint. Defendants also deny that RH confessed to committing crimes of domestic violence against Karamanoglu, but admit the remaining allegations contained in paragraph 41 of the Complaint.

42. Defendants admit the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

## COUNT 3
### (5 M.R.S. § 4681, *et seq.* – Maine Civil Rights Act)
### (All Defendants)

44. Defendants repeat and reallege their responses contained in paragraphs 1-43 herein.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

## COUNT 4
### (Unlawful Arrest)
### (All Defendants)

48. Defendants repeat and reallege their responses contained in paragraphs 1-47 herein.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed and that they be awarded their costs of suit and such other relief as the Court deems just and appropriate.

## JURY DEMAND

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## AFFIRMATIVE DEFENSES

1. Defendants affirmatively defend by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the statute of limitations.

3. Defendants affirmatively defend by stating that their conduct was privileged.

4. Defendants affirmatively defend by stating that Plaintiff has failed to mitigate his own damages.

5. Defendants affirmatively defend by stating any state law tort claims are barred for his failure to comply with the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

6. Defendants affirmatively defend by stating that any state law tort claims are barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

7. Defendants affirmatively defend by stating that Plaintiff's claims are barred by the doctrine of absolute immunity and/or qualified immunity.

8. If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

9. Plaintiff's arrest was based upon probable cause.

10. Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

12. No clearly established rights of Plaintiff were violated by Defendants' actions.

13. No threats of physical force or violence were made by Defendants against Plaintiff, and Plaintiff submitted to arrest without the need for police to use any physical force against him.

15. Plaintiff's claims are barred by the doctrine of estoppel and/or preclusion.

16. The Town of Yarmouth/Yarmouth Police Department has no history of complaints alleging unlawful arrest by its police officers that would have placed the municipal Defendants on notice of alleged deficiencies in training, supervision, or discipline of its officers regarding arrest powers, and they specifically deny any such deficiencies.

17. The Town of Yarmouth/Yarmouth Police Department has no history of complaints alleging unlawful arrest by its police officers that would have placed the municipal Defendants on notice of alleged deficiencies in policies, practices or standard operating procedures related to arrest powers, and they specifically deny any such deficiencies.

18. All training requirements imposed on Yarmouth police officers by the Maine Criminal Justice Academy were fully met by the municipal Defendants and Defendant Andreasen.

19. Yarmouth police officers undergo additional training in the area of domestic violence, specifically, and such training had been completed by these officers prior to the date of Plaintiff's arrest for domestic violence abuse.

20. Defendants have not procured any policy of liability insurance that would waive immunity or raise statutory damage limits for any claims pursued under state tort law.

21. Defendants are not legally liable for the independent acts of third parties, including Plaintiff's ex-wife.

22. Defendants are not legally liable for any media organization's decision to publish "police logs" or other public records documenting only that an arrest was made.

Dated at Portland, Maine this 8th day of March, 2019.

*/s/ Edward R. Benjamin, Jr.*
Edward R. Benjamin, Jr., Esq.

*/s/ Kasia S. Park*
Kasia S. Park, Esq.

Drummond Woodsum & MacMahon
84 Marginal Way, Suite 600
Portland, ME
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com
*Attorneys for Defendants*

9

## CERTIFICATE OF SERVICE

I, Edward R. Benjamin, Jr., hereby certify that on March 8, 2019, I electronically filed the foregoing Answer to Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all parties of record.

*/s/ Edward R. Benjamin, Jr.*
Edward R. Benjamin, Jr.

*Attorney for Defendants*
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME
(207) 772-1941
erbenjamin@dwmlaw.com